In Re: Taking in Eminent Domain of Certain Parcels of Real Estate Located in the Northside Urban Renewal Area #1, Project Penna. R-389 in the City of Bethlehem, Northampton County, Pennsylvania, by the Redevelopment Authority of the City of Bethlehem, Pa. Carl E. Moyer, Irene M. Moyer and William H. Price, Appellants.

Argued October 8, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Anthony R. Thompson,* for appellants.

*Michael E. Riskin,* for appellee.

OPINION BY JUDGE ROGERS, January 2, 1976:

We consolidated for argument and decision the appeals of Carl E. Moyer and Irene M. Moyer, his wife, and of William H. Price from orders of the Court of Common Pleas of Northampton County dismissing the appellant's preliminary objections to Declarations of the Taking of their real estate by the Redevelopment Authority of the City of Bethlehem.

In the spring of 1968 the City Council of Bethlehem determined to embark on an investigation of ways and means to improve the physical condition of the central city area. Council marshalled the resources of the City Planning Commission and its Redevelopment Authority to this end; it also approved the employment of outside consulting engineers to prepare a report on the feasibility of redeveloping parts of the City and formed a citizens group, called the Central Business Advisory Board in order to enlist practical advice and support. The staff of the Planning Commission made property by property examinations of the areas believed to be the proper subjects of development; the consulting engineers

made a general report and recommendations; and the Redevelopment Authority, with the help of the Advisory Board, implemented the findings and recommendations of Council and the Planning Commission. The total area eventually chosen for redevelopment was divided into a so-called Central Business District, funded by State and Local resources, and the Northside Urban Renewal Area, funded by Federal loans and grants exceeding $5,000,000. The appellant's properties were located in the Northside Urban Renewal Area.

The City of Bethlehem proceeded in all respects conformably with the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §1701 et seq. Its Redevelopment Authority was formed pursuant to Section 4, 35 P.S. §1704. The Authority received from the Planning Commission a designation of areas in need of redevelopment which it duly studied and approved. Section 9, 35 P.S. §1709. The City Planning Commission certified that the Northside Urban Renewal Area was blighted. The Authority by resolution authorized the condemnation of the appellants' properties and filed Declarations of Taking conforming to the requirements of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq.

The appellants' preliminary objections which are still pressed are (1) that the taking of their property was for a private, not public, purpose, (2) that the Planning Commission's certification of blight was made capriciously and arbitrarily, (3) that the bond did not provide sufficient security, and (4) that the Authority violated Federal laws and regulations in its undertakings.

The lower court dismissed the preliminary objection based on alleged violation of Federal law as not being "cognizable by this Court since the allegations raised matters having no relevancy to the power of eminent domain as conferred by the Pennsylvania Statute." The court conducted an evidentiary hearing on the remaining issues and dismissed the remaining objections. We affirm.

The appellant's objection that the taking of their properties was for a private, not a public, purpose is based on the testimony of the City Planning Director that an objective of the project was the achievement of a higher level of commercial business activity in downtown Bethlehem. The appellants have overlooked or fail to mention that the same witness stated that the reestablishment of institutional, recreational and residential uses was also an objective of the program. In any case, the Legislature has declared that Redevelopment Authorities:

"[S]hall exist and operate for the public purpose of the elimination of blighted areas through economically and socially sound redevelopment of such areas, as provided by this act, in conformity with the comprehensive general plans of their respective municipalities for residential, recreational, *commercial, industrial or other purposes. . . . Such purposes are hereby declared to be public uses* for which public money may be spent, and private property may be acquired by the exercise of the power of eminent domain." Section 2 of the Urban Redevelopment Law, 35 P.S. §1702. (Emphasis supplied.)

While private property cannot be taken by eminent domain for the sole purpose of devoting it to the private use of another, if it is taken for a proper public purpose it may be permitted to revert to private ownership when the public purpose is discharged. *Belovsky v. Redevelopment Authority of Philadelphia*, 357 Pa. 329, 54 A.2d 277 (1947).

The appellants failed to prove that their properties or any other in the Northside Urban Redevelopment Area were being condemned for other than the public purposes described by the Director of the Planning Commission. Indeed, they failed to identify either the private use or the private user allegedly intended to be benefited. *Compare Price v. Philadelphia Parking Authority*, 422 Pa. 317, 221 A.2d 138 (1966).

The appellants next say that the Planning Commission's certification that the redevelopment area within which the appellants' properties were located was blighted, was capricious, arbitrary and made in bad faith. The Commission found that the dwellings in the area were unsafe and unsanitary, that the planning of the area was inadequate, that the land was excessively covered with buildings, that the area lacked proper light, air and open space, that the design and arrangement of the buildings and street layout were defective and that the area contained economically or socially undesirable uses—all incidents of blight described in Section 2(a) of the Urban Redevelopment Law, 35 P.S. §1702(a).

The record demonstrates that the Planning Commission's staff made a building to building examination of the properties in the rather small Northside Urban Redevelopment Area and had prepared written descriptions. Its Director asserted that this material in its files supported the Commission's findings. The Philadelphia Planning Commission's certification that all of downtown Philadelphia was blighted was upheld on the presumption that the Commission performed its duties in good faith. *Simco Stores v. Redevelopment Authority*, 455 Pa. 438, 317 A.2d 610 (1974). In *Simco* the property owner adduced an appraiser's opinion that portions of the certified area were not blighted. Our Supreme Court declined to accept this testimony as proof of arbitrariness sufficient to overthrow the certification or to impose upon the Authority the burden to provide further justification for the certification. The appellants in this case provided no proof at all that Bethlehem City's Planning Commission's certification proved to have been based on substantial study, was in anywise arbitrary or made in bad faith.

Appellant's attack on the sufficiency of the security, consisting of the Redevelopment Authority's bond without security, is also without merit. Section 403 of the Eminent Domain Code, 26 P.S. §1-403, permits a con-

demnor without power of taxation, such as this Authority, to file its bond without surety. The same section further provides that the court, upon preliminary objections, may require such security as it deems proper, if it finds that the bond filed is not sufficient security. The Redevelopment Authority showed at the hearing in the court below that it had large amounts of funds on hand and that it was entitled to receive large sums from the Federal government on account of expenditures made. Our review of Subchapter §II of the Housing Act of 1949, 42 U.S.C.A., §1450 et seq., under which the project is funded, reveals that the faith of the United States is solemnly pledged to the payments of all grants contracted for under Subchapter II. We can find no fault in the exercise of the court's discretion with respect to the bond.

The appellant's final preliminary objection is based on asserted, but not adequately described, violations of Federal law and regulations. The law referred to is the Urban Housing Act of 1949, just cited. We have reviewed that enactment and find nothing in it which suggests that a failure to comply with it or regulations adopted pursuant to it would have any effect on the power, under State law, to condemn real estate. We therefore agree with the lower court's action dismissing this preliminary objection without hearing.

Orders affirmed.