Redevelopment Authority of the City of Nanticoke *v.* Theodore G. Spencer, Anna A. Spencer, his wife, and Theodore G. Spencer, trading and doing business as Ted Spencer & Sons Auto Service Center, Appellants.

78

Argued October 8, 1975, before President Judge Bow-MAN and Judges CRUMLISH, JR., MENCER, ROGERS and BLATT. Judges KRAMER and WILKINSON, JR. did not participate.

*Philip F. Hudock*, with him *Robert P. Hudock*, and *Hudock and Hudock*, for appellants.

*Donald D. McFadden*, with him *Flanagan, Doran, Biscontini & Shaffer*, for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, January 23, 1976:

In this appeal by property owners, Theodore G. Spencer and wife, they assert the lower court erred as a matter of law in its disposition on the merits of several issues raised by their preliminary objections to the declaration of taking of their property by the Redevelopment Authority of the City of Nanticoke. They also insist it likewise

erred in concluding that other issues so raised concerning the measure of damages to be applied in arriving at just compensation were not within the permissible scope of preliminary objections under Section 406 of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended,* 26 P.S. §1-406.

Having considered the issues raised in this appeal which were decided by the lower court on their merits we affirm its order as to these issues and adopt its opinion in support thereof. The record rebukes appellants' contentions that the taking in question was for a private rather than a public purpose and appellants wholly failed to establish that the governmental authorities acted illegally, arbitrarily or capriciously in planning, certifying and approving the flood project in question. The principles of law applicable to the resolution of such issues have again been reviewed and restated in our recent decision in *Moyer Eminent Domain Appeal,* 22 Pa. Commonwealth Ct. 487, 349 A.2d 781 (1976).

Considering other issues raised by appellants' preliminary objections dismissed for procedural reasons by the lower court, the record discloses the following background facts. Appellants are the fee owners of 2.526 acres of land in the Lower Broadway area of Nanticoke on which there is operated a junk yard and a new and used auto parts business. This property is within the boundaries of an urban renewal project known as the Lower Broadway Disaster Urban Renewal Area having been declared a blighted area after devastation by the flood associated with Hurricane Agnes. The plan calls for total clearance of all structures, residential and non-residential, within the area.[1]

---

1. For further background and history of the project which has been the subject of two prior court decisions, *see Project Area Committee v. Wilcox,* 13 Pa. Commonwealth Ct. 4, 317 A.2d 651 (1974); *Lower Broadway Citizens Group v. City of Nanticoke,* 63 Luz. L. Reg. 172 (1973).

The first of these issues attacks Section 601-A (b) (3) of the Code, 26 P.S. §1-601A, as unconstitutional and void in limiting business relocation damages to a maximum amount of $10,000. Appellants argue that such a limitation permits a taking of property without just compensation. Relying upon our opinion in *Hegedic v. Department of Transportation,* 8 Pa. Commonwealth Ct. 551, 304 A.2d 181 (1973), the lower court concluded that this issue, being essentially one of damages, was not cognizable by way of preliminary objections to a declaration of taking.

We agree that this issue, framed in constitutional terms or otherwise, was improperly raised under Section 406 of the Code. We would further observe that the inability to relocate one's business taken in condemnation cannot vitiate or negate the power of condemnation otherwise enjoyed by the Authority nor does the cost of such relocation, if relocation is possible, enlarge one's constitutional entitlement to just compensation. *See Sgarlat Estate v. Commonwealth,* 398 Pa. 406, 158 A.2d 541, *cert. denied,* 364 U.S. 817 (1960). Appellants' argument is singularly lacking in citation of any authority, Federal or State, that the cost of relocating a business is an element of damages in ascertaining just compensation constitutionally required to be paid under the power of eminent domain. That the legislature has seen fit to provide for such payments subject to the expressed conditions and limitations found in Section 601-A (b) (3) does not enlarge one's constitutional right to just compensation for property taken.

Appellants next attack Section 602 (c) of the Code, 26 P.S. §1-602, as denying to them the equal protection of the law in that these provisions afford to condemnees of property damaged by flood the before-flood value of their property when taken within certain time frames in connection with a flood prevention project or other public programs.

From this obvious intent of the legislature to afford to flood victims a recovery of the flood damages suffered by their property if it is taken for a flood prevention program or other public project, appellants fashion a want of equal protection to them and others who restored their flood damaged properties on the theory that those who did not restore their properties will receive more than the precondemnation value of their property, whereas appellants and others similarly situated will receive only their precondemnation value for the taking. This they contend is a want of equal protection of their fundamental (constitutional) right to just compensation for property taken or, alternately, their equal protection rights are violated for want of rational basis for the state action in favoring those who did not restore their flood damaged properties.

Although somewhat ingenious, these arguments on analysis are not persuasive. The provisions of Section 602(c) do not in any manner diminish or impair appellants' entitlement to just compensation as constitutionally guaranteed to them and as recognized in Section 601 of the Code, 26 P.S. §1-601, the measure of damages for the taking being the fair market value of their property immediately before the condemnation and as unaffected by it. The appellants are, therefore, assured the fair market value of their property including the post-flood improvements made thereto. That other property owners in the project may receive something more by way of compensation for the taking of their property does not, directly or indirectly, impair appellants' constitutional (fundamental) right to just compensation.

Nor do we find in this legislation a want of equal protection to appellants disassociated from their fundamental right to just compensation which itself is unimpaired. In this category there cannot be and the constitution does not require equal protection of law to all persons under all circumstances. The state action here taken to aid flood victims under the limited conditions and circum-

stances prescribed as part of a flood project or other public program in which the Federal, State and local governments participate in planning, executing and financing, evidences a rational and socially desirable objective of financial aid for rehousing and relocation of flood victims incident to a public program designed to overcome a future similar disaster. *Village of Belle Terre v. Boraas*, 416 U.S. 1 (1974). The order of the lower court is affirmed and the proceedings hereby remanded.