In Re: Condemnation by the Redevelopment Authority of the City of Harrisburg of Certain Parcels of Real Estate in the City of Harrisburg in Connection With Urban Renewal Project Known as Penn-Susquehanna Flood Project UR PA. R-634(c). Goodwill Industries of Central Pennsylvania, Inc., Appellant.

274

Argued March 11, 1977, before Judges WILKINSON, JR., MENCER and BLATT, sitting as a panel of three.

*Robert L. Rubendall*, with him, of counsel, *Metzger, Hafer, Keefer, Thomas and Wood*, for appellant.

*James W. Reynolds*, with him *David A. Wion*, and *Reynolds, Bihl and Schaffner*, for appellee.

OPINION BY JUDGE BLATT, May 23, 1977:

Goodwill Industries of Central Pennsylvania, Inc. (Goodwill) appeals here from an order of the Court of Common Pleas of Dauphin County wherein Goodwill's preliminary objections to a declaration of taking filed by the Redevelopment Authority of the City of Harrisburg (Authority) were overruled.

The properties owned by Goodwill which were condemned by the Authority are located in the Uptown section of the City of Harrisburg, an area extensively flooded by tropical storm Agnes in June of 1972. Following the flood, a portion of this section was surveyed by the Harrisburg City Planning Commission, and the Commission subsequently declared the sur-

veyed area to be blighted and certified it as a redevelopment area as such is defined in Section 3(n) of the Urban Redevelopment Law,[1] 35 P.S. §1703(n). On September 12, 1972 the Harrisburg City Council authorized the Authority to apply for federal and state funds to redevelop the area, but, because of limitations in federal funding, the Authority ultimately produced a redevelopment plan which involved only a portion of the area originally certified as blighted by the Planning Commission but which included the Goodwill properties. This plan was entitled the Penn-Susquehanna Project Urban Renewal Plan (Penn-Susquehanna plan). In June of 1973, following a public hearing, the Harrisburg City Council approved the plan, including the acquisitions of real estate as proposed therein, and on July 16, 1975, the Authority filed a declaration of taking condemning four contiguous properties owned by Goodwill and located on North Second and North Front Streets. Goodwill filed preliminary objections to the declaration of taking, depositions were taken by both parties and filed of record, and the court overruled the preliminary objections. The court found that the City Planning Commission had acted in good faith in certifying the project area as blighted and that the Authority, in exercising the right of eminent domain in relation to Goodwill's properties, had acted in good faith and followed proper statutory procedures. This appeal followed.

Preliminary objections in a condemnation case serve a broader purpose than preliminary objections filed under the Pennsylvania Rules of Civil Procedure,[2] and, under Section 406(a) of the Eminent Do-

---

[1] Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §1701 et seq.

[2] *See* Pa. R. C. P. No. 1017.

main Code,[3] 26 P.S. §1-406(a), a preliminary objection is the exclusive procedure to challenge the power or right of the Authority to condemn. It is the clear intent of Section 406 to dispose of challenges to the validity of a condemnation as soon as possible after the taking. *Simco Stores v. Redevelopment Authority of Philadelphia*, 455 Pa. 438, 317 A.2d 610 (1974).

In its first objection, Goodwill alleges that the action of the Authority in condemning the Goodwill property was arbitrary and capricious because the area of the city involved in the Penn-Susquehanna plan is not blighted. It argues first that the project area contains such minimal blight that condemnations under the redevelopment plan are unjustified, and also that the Authority acted arbitrarily in producing a redevelopment plan which involved only a portion of the area of the city which had originally been certified as blighted by the City Planning Commission.

The scope of judicial review of a certification of blight is a limited one. The Pennsylvania Supreme Court stated in *Crawford v. Redevelopment Authority*, 418 Pa. 549, 554, 211 A.2d 866, 868 (1965):

> The power of discretion over what areas are to be considered blighted is solely within the power of the Authority. The only function of the courts in this matter is to see that the Authority has acted not in bad faith; to see that the Authority has not acted arbitrarily; to see that the Authority has followed the statutory procedures in making its determination; and finally, to see that the actions of the Authority do not violate any of our constitutional safeguards.

The record here discloses that the certification of blight was the result of a survey by employees of both

---

[3] Act of June 22, 1964, P.L. 84, *as amended*, 26 P.S. §1-101 et seq.

the City Planning Commission and the Redevelopment Authority. Each building in the area was examined by inspectors. The Commission found that dwellings in the area were unsafe, that the planning of the area was inadequate, that the land was excessively covered with buildings, that the area lacked proper light, air and open space, that the design and arrangement of the building and street layout were defective and that the area contained economically or socially undesirable uses—all incidents of blight described in Section 2(a) of the Urban Redevelopment Law, 35 P.S. §1702 (a). Goodwill relies, however, upon the testimony of several individuals that the redevelopment area was not blighted, but all of these individuals admitted that they had not inspected the buildings in the area and that their testimony was based only upon a general impression of the area. In this context, it is clear that Goodwill has presented no evidence that the Authority's actions in condemning these properties were arbitrary or capricious, and the fact that Goodwill's buildings may themselves be structurally sound is not sufficient to prevent their condemnation when they are located in an area properly determined to be blighted. *See Leo Realty Company v. Redevelopment Authority of Wilkes-Barre*, 13 Pa. Commonwealth Ct. 288, 320 A.2d 149 (1974).

Goodwill's contention that the Authority acted arbitrarily in producing a redevelopment plan which involved only a portion of the area originally certified as blighted is equally without merit. Section 10(d) of the Urban Redevelopment Law, 35 P.S. §1710(d), provides that an Authority may prepare a plan for the redevelopment of all or part of an area which has been certified as blighted. Moreover, the record discloses that a limitation in the amount of available federal aid necessitated a reduction in the site of the redevelopment program.

Goodwill further objects that the condemnation of its properties was for a private purpose and not a public purpose, and it bases this objection on the testimony of staff members of the Authority that the Goodwill properties are to be used for private residential development. These staff members also testified, however, that one of the objectives of the redevelopment plan was to provide replacement residential housing and that the Goodwill site had been selected by the Authority as the best suited for such replacement housing. It is a general rule that, while private property cannot be taken by eminent domain for the sole purpose of devoting it to the private use of another, if it is taken for a proper public purpose, it may be permitted to revert to private ownership when the public purpose is discharged. *Moyer Eminent Domain Appeal*, 22 Pa. Commonwealth Ct. 487, 349 A.2d 781 (1976). Section 2 of the Urban Redevelopment Law, 35 P.S. §1702, defines the redevelopment of blighted areas for residential use as a proper public purpose for which public money may be spent and private property may be acquired by the exercise of the power of eminent domain, and our examination of the record reveals no evidence that the Goodwill properties have been condemned for other than the public purpose of providing needed residential housing in the area.

Goodwill argues finally that the declaration of taking filed by the Authority was defective in that it failed to set forth the purpose of the condemnation as required by Section 402(b)(3) of the Eminent Domain Code, 26 P.S. §1-402(b)(3). This section requires that a declaration of taking must contain a brief description of the purpose of the condemnation, and the declaration of taking filed by the Authority plainly stated that the Goodwill properties were located in an area which had been certified as blighted and that they

were being condemned in order to redevelop them in accordance with a duly approved redevelopment plan. We believe that this description of the purpose of the condemnation was clearly sufficient to fulfill the statutory requirement. *See Faranda Appeal*, 420 Pa. 295, 216 A.2d 769 (1966).

The order of the lower court is affirmed.

ORDER

AND Now, this 23rd day of May, 1977, the order of the Court of Common Pleas of Dauphin County, overruling the preliminary objections of Goodwill Industries of Central Pennsylvania, is hereby affirmed.