In Re: Condemnation by the Redevelopment Authority of the City of Harrisburg of Certain Parcels of Real Estate in the City of Harrisburg in Connection With Urban Renewal Project Known as Cameron-South Harrisburg Project UR Pa.-608(c). Guy Miscia and John C. Waltman, Appellants.

Argued June 6, 1977, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Joseph S. Bekelja,* with him *Frank, Margolis, Edelstein & Scherlis,* for appellants.

*James W. Reynolds,* with him *David A. Wion,* and *Reynolds, Bihl and Schaffner,* for appellee.

OPINION BY JUDGE WILKINSON, JR., July 15, 1977:

This is an appeal from the dismissal by the Dauphin County Court of Common Pleas of appellants' preliminary objections to a declaration of taking filed by appellee. We affirm.

Appellants own a fee simple and leasehold interest respectively in property within the City of Harrisburg (City). Following severe damage to parts of the City wrought by "Hurricane Agnes" in June 1972, the City Planning Commission made a survey of the area in which the subject property is located. By resolution adopted July 11, 1972, the City Planning Commission declared the area to be blighted because of conditions created by the storm and the existence of characteristics enumerated within the resolution and certified the area to appellee as a redevelopment area as defined by Section 3 of the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended,* 35 P.S. §1703.[1]

---

[1] The characteristics found by the City Planning Commission are:

    a. Damage to the structural condition of buildings making them unsafe for use.

On the same day, the City's governing body authorized appellee to institute proceedings to obtain federal and state funds for the area's redevelopment. The governing body approved an urban renewal plan for the area in April 1973 following a public hearing.

On September 30, 1975, appellee filed a declaration of taking of the subject property to which appellants filed identical preliminary objections pursuant to Section 406 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-406. An evidentiary hearing was conducted by the Dauphin County Court of Common Pleas on April 30, 1976, at which appellants' counsel presented two witnesses (appellant-lessee and his daughter) and then stated that factual issues had been raised and that the court was therefore required to make a record "by depositions or otherwise," pursuant to Section 406. The court ruled that the factual issues would be resolved by testimony and not through depositions or interrogatories. The court subsequently denied all preliminary objections. This appeal followed.

In his able opinion for the trial court, Judge MORGAN has adequately disposed of all appellants' preliminary objections making it unnecessary to deal with them all here. See the unreported opinion filed at No. 515 September Term, 1975, in Eminent Domain. Further, the questions raised by appellants of the bur-

b. Damage to street surfaces and other public facilities requiring extensive repair prior to re-use.

c. General deterioration of the ground conditions which must be corrected prior to re-use.

d. The general location of the area which makes it susceptible to recurrent flooding, requiring special planning considerations.

e. Excessive land coverage of the buildings thereon.

f. Defective design and arrangement of the buildings thereon.

g. Lack of off-street parking and loading facilities.

h. Lack of proper light and air and open space.

i. Economically or socially undesirable land use.

den of proof on whether the area involved is blighted and the right of appellants to self-rehabilitation are discussed at length and answered in President Judge BOWMAN's opinion in *Nixon Hotel, Inc. v. Redevelopment Authority of Butler,* 11 Pa. Commonwealth Ct. 519, 315 A.2d 366 (1973), *cert. denied,* 419 U.S. 842 (1974); and Judge BLATT's opinion in *In Re: Condemnation By The Redevelopment Authority of Harrisburg,* 30 Pa. Commonwealth Ct. 273, 373 A.2d 774 (1977). As found by the trial court the appellee has carried its burden on the question of the area being blighted by its Exhibit 2, being its application for a grant from the Department of Housing and Urban Development.

Appellants pressed on oral argument that the record does not have any evidence to support appellee's challenged general obligation bond. On the contrary the record shows that the appellee has an approved grant of $13,164,490.00 from the Department of Housing and Urban Development.

The ruling of the trial court on the question of the taking being for a public purpose even though some private gain may be enjoyed by adjacent property owners is supported by Judge MENCER's opinion in *Borough of Big Run v. Shaw,* 16 Pa. Commonwealth Ct. 623, 330 A.2d 315 (1975).

Accordingly, we will enter the following

### ORDER

Now, July 15, 1977, the order of the Dauphin County Court of Common Pleas, No. 515 September Term 1975, dated July 15, 1976, dismissing the preliminary objections of appellants Guy Miscia and John G. Waltman to the declaration of taking condemning the property in which appellants own a fee simple and leasehold interest respectively, filed by appellee Redevelopment Authority of the City of Harrisburg, is hereby affirmed.