In Re: Condemnation of Lands and Property of Ernest G. Alexas. Bestyet, Inc., Appellant.

470

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Phillip J. Binotto, Jr.*, with him *Gaylord W. Greenlee*, and *Greenlee, Richman, Derrico & Posa*, for appellant.

*Frank A. Conte*, for appellee.

OPINION BY JUDGE CRAIG, June 21, 1979:

This is an appeal by Bestyet, Incorporated (condemnee) from an eminent domain award by the Court of Common Pleas of Washington County of $27,035.47.

On January 19, 1973, the Redevelopment Authority of the County of Washington (condemnor) filed a declaration of taking of property in which the condemnee had a leasehold interest. A Board of Viewers awarded condemnee $15,300.00.

Condemnee appealed, and the lower court, non-jury, ordered condemnor to pay to condemnee $26,-025.47 for condemnee's move to a new building, $500.00 as reimbursement for time spent by condemnee in searching for a new location, and $510.00 for the cost of a new sign, relettering and similar costs incurred by condemnee, for a total award of $27,035.47. The lower court denied condemnee's claim for compensation for rent of a new location between the time its leasehold interest was condemned and the time it actually moved, as well as a claim for supervision during the move.

Condemnee's exceptions were dismissed by the court en banc, and condemnee appealed to this court.

Condemnee had a bakery facility of 3600 square feet, of which 3000 square feet were used for the manu-facturing of baked goods, and 600 square feet were used as a retail outlet for its products. Condemnee leased the condemned property from Ernest G. Alexas, the fee owner. Condemnee became aware, sometime in 1970, that the property which it leased was to be con-demned by condemnor and began searching for a new location. In February, 1971, condemnee entered into a lease for a new facility, but did not move into the new facility until July, 1974.

Condemnee raises the following issues on appeal: (1) the lower court erred in refusing to admit evidence pertaining to condemnee's claim for loss of patronage under Section 601-A(b)(3) of the Eminent Domain Code;[1] (2) the lower court erred in refusing to admit evidence of condemnee's loss of profit for the three weeks it was shut down while moving; (3) condemnee was entitled to compensation for rent paid for a new location leased before taking, allegedly in reliance upon advance information of the taking; (4) the award

[1] Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, added by Section 8 of the Act of December 29, 1971, P.L. 640, 26 P.S. §1-601A(b)(3).

of $26,025.47 for the cost of condemnee's move was inadequate and was against the weight of the evidence; (5) the award of $510.00 for a new sign, lettering and miscellaneous expenditures was inadequate, and against the weight of the evidence; (6) the lower court erred in denying condemnee's claim for reimbursement for supervision of the move; and, finally, (7) the award of $500.00 for time spent in searching for a new location was inadequate, and was against the weight of the evidence.

Condemnee's argument on the first issue is well taken. Section 601-A(b) states:

(b) Any displaced person who is displaced from his place of business or from his farm operation shall be entitled, in addition to any payment received under subsection (a) of this section, to damages for dislocation of such business or farm operation as follows:

. . .

(3) In addition to damages under clauses (1) or (2) of this subsection, damages of not more than ten thousand dollars ($10,000.00) nor less than twenty-five hundred dollars ($2500.00), in an amount equal to either (i) forty times the actual monthly rental, in the case of a tenant, or forty times the fair monthly rental value, in the case of owner-occupancy; or (ii) the average annual net earnings, whichever is greater. . . . In the case of a business, payment shall be made under this subsection only if the business (i) cannot be relocated without a substantial loss of its existing patronage, and (ii) is not a part of a commercial enterprise having at least one other establishment not being acquired by the acquiring agency, which is engaged in the same or similar business.

The lower court refused to permit condemnee to offer evidence and testimony on loss of patronage because condemnee had at least one other retail store in addition to the one which it ran on the condemned premises. Therefore, the court reasoned that condemnee did not qualify under Section 601-A(b)(3) for damages for loss of patronage.

However, the lower court's determination overlooked the fundamental nature of the condemnee's business. Section 201 of the Code, 26 P.S. §1-201(7) defines business as any lawful activity for, *inter alia,* the sale or manufacture of personal property or products.

The record reveals that the vast majority of the condemned property was used by condemnee for the manufacture of baked goods; only a small portion was used as a retail outlet. The primary business conducted at the condemned property was manufacturing, not retail sales. Therefore, the existence of other retail stores of condemnee is irrelevant, and the court below should have permitted condemnee to present evidence on the loss of existing patronage. We therefore will remand to the lower court for the taking of evidence and a determination on condemnee's claim of loss of existing patronage.

The second issue raised, entitlement to loss of profit while condemnee was shut down during relocation, is without merit. As we said in *Nanticoke Redevelopment Authority v. Spencer,* 23 Pa. Commonwealth Ct. 77, 350 A.2d 442 (1976), costs incident to relocating a business are not constitutionally required as an element of damages for just compensation. The legislature can by statute provide for any such payments that it deems appropriate; however, those statutory payments do not enlarge one's constitutional right to just compensation. Section 601-A(b)(3) of the Code, in authorizing payments for lost patronage, is in

reality compensating condemnees for any loss of profit. The legislature has gone beyond the constitutionally required compensation; we have no power to enlarge a legislatively mandated award, or otherwise encroach on legislative powers. *Mt. Lebanon v. County Board of Elections,* 470 Pa. 317, 368 A.2d 648 (1977).

The third issue, questioning the lower court's denial of compensation for rent paid for leasing a new location prior to taking, is also without merit. As with loss of profit, rental of a second property is not properly within the constitutional requirement of just compensation. Therefore, for it to be reimbursable, it must be statutorily authorized. We are unable to find any such authorization in the Code. We must affirm the lower court's denial of the claim for rent.

Condemnee also appeals from both the lower court's award of $26,025.47 as reimbursement for condemnee's relocation expenses, and the award of $510.00 for signs, lettering and miscellaneous expenditures. We affirm the lower court's awards for those items because our scope of review is limited to a determination of whether or not the lower court committed a manifest abuse of discretion or error of law, and whether the verdict is against the clear weight of the evidence, or the judicial process has worked a serious injustice upon the appealing party. *Croop v. Department of Transportation,* 38 Pa. Commonwealth Ct. 305, 393 A.2d 41 (1978). After a careful reading of the record, we find no reason to disturb the lower court's awards for those expenses.

Our scope of review dictates the same result for condemnee's sixth issue, the lower court's complete denial of condemnee's claim for time spent in supervising and assisting in the relocation. Again, after a careful reading of the record, we can find no basis within our scope of review for reversing the lower court.

We also affirm the lower court's award of $500.00 to condemnee for time spent in searching for a new location. Section 601-A(b)(4) of the Code, 26 P.S. §1-601A(b)(4), authorizes the reimbursement of "actual reasonable expenses incurred in searching for a replacement business or farm." Section 604-A of the Code, 26 P.S. §1-604A, authorizes and requires the Attorney General to promulgate rules and regulations for the implementation of Article VI-A of the Code.[2] The regulations promulgated pursuant to that section are found at 37 Pa. Code §151.1 et seq. In this case we are primarily interested in 37 Pa. Code §151.4(7)(i), which states: "In proving damages for reasonable expenses incurred in searching for a replacement business or farm under section (b)(4) of the Act (26 P.S. §1-601A (b)(4)), a displaced person shall have the burden of proving the reasonableness of expenses in excess of $500. . . ."

Condemnee's claim for search expenses was much higher than the $500.00 awarded by the lower court. Therefore, it is obvious that the lower court did not believe that condemnee had met its burden. Once again, consistent with our scope of review, we affirm the lower court.

For the foregoing reasons, we remand this case to the lower court for the taking of evidence and a determination on the question of condemnee's loss of existing patronage, and we affirm the lower court's decision in all other respects.

## ORDER

AND Now, this 21st day of June, 1979, the above-titled case, docketed at No. 140 January Term, 1973 A.D., in the Court of Common Pleas of Washington

[2] Article VI-A is entitled Special Damages for Displacement, and encompasses sections 601-A through 606-A of the Code, 26 P.S. §§1-601A through 1-606A, which includes the sections at issue here.

476

County, is remanded to the lower court for the taking of evidence and a determination on the loss by condemnee of existing patronage. The verdict of the lower court, dated April 6, 1977, and the opinion and order of the court en banc, dated November 16, 1977, are affirmed.