Daria J. Mirkin, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 6, 1981, before Judges CRAIG, MAC-PHAIL and PALLADINO, sitting as a panel of three.

*Roger A. Lee,* for petitioner.

*John Kupchinsky,* Assistant Attorney General, with him *Elsa D. Newman-Silverstein,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE CRAIG, June 8, 1981:

In this unemployment compensation appeal, the claimant[1] questions a denial of compensation by the board,[2] affirming a referee's ruling that the claimant, a juvenile counselor, was ineligible for compensation because she was not available for work.[3] We affirm.

On June 30, 1978 the claimant was terminated from her last full-time employment as a youth counselor because of the closing of the youth center[4] at which she had worked. Thereafter the claimant filed for compensation benefits, and on August 28, 1978, while in a continuing claim status with the compensation authorities, she became a full-time student. After completing her freshman classes, the claimant reopened her claim on April 22, 1979, but the compensation authorities denied eligibility on the ground of unavailability for work.

There is a presumption that a full-time student is not available for work, but a claimant can rebut the presumption if she can establish that she is attached to the labor force and that her primary purpose is to work, rather than to obtain an education. *Reardon v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977).

---

[1] Daria J. Mirkin.

[2] Unemployment Compensation Board of Review.

[3] Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

[4] Youth, Incorporated.

Based on the evidence in the record, we cannot hold that the referee and board erred in concluding that this claimant did not rebut the presumption.

The claimant's work record before and during the period she was a full-time student cannot be said to establish an attachment to the labor force. The record reveals that the claimant's last full-time employment before she became a student lasted just six months, and that during the school year her only employment was a part-time work-study job organized around her class schedule. Although she applied for full-time employment for the summer of 1979, the compensation authorities concluded that two student loans, guaranteed to her for the 1979-80 school year, indicated an intention to remain a student in the fall. Thus, the evidence provides no support for the proposition that the claimant's education was secondary to her desire for employment.

Accordingly, we affirm the decision of the board.

ORDER

AND Now, June 8, 1981, the order of the Unemployment Compensation Board of Review at No. B-175028 is hereby affirmed.