Sandra L. Evanson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on Briefs March 1, 1982, before President Judge Crumlish, Jr. and Judges Rogers and Blatt, sitting as a panel of three.

*Jeffrey L. Gilbert,* with him *Heriberto Hernandez-Pastrana,* for petitioner.

*James K. Bradley,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Rogers, May 6, 1982:

Sandra L. Evanson appeals from an order of the Unemployment Compensation Board of Review denying her benefits because she was not able to work and available for suitable work as required by Section 401(d) of the Unemployment Compensation Law.[1]

The findings of fact show that the claimant had been employed as a secretary-bookkeeper for more than three years before January 30, 1980, when she was laid off. She received partial unemployment benefits beginning February 23, 1980. In April, 1980 the claimant was accepted as a full-time student at Northampton County Area Community College for the Fall of 1980 semester. The Office of Employ-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

ment Security refused further benefits when the claimant informed it on May 28, 1980 of her scholastic plans for the Fall. The referee affirmed, holding that the claimant restricted her availability for employment by becoming a student. The Board affirmed the referee's action and this appeal followed. We reverse.

The referee and the Board decided that the claimant became unavailable for suitable work in May, 1980 because in the Fall she was going to go to college.

The unemployment compensation authorities did not have the benefit of the Supreme Court's holding in *Penn Hills School District v. Unemployment Compensation Board of Review,* 496 Pa. 620, 437 A.2d 1213 (1981), that the fact alone that the claimant's availability appears to be for a short term is not disqualifying under Section 401(d). In *Penn Hills,* the claimant, a school bus driver, missed seven nonconsecutive days of work during one month because of severe weather conditions. The Supreme Court upheld a grant of benefits stating:

> The General Assembly *could* have established a general disqualification based upon the length of the lay-off or the employee's assurance of returning to work—it did not and the courts *cannot.* To permit such a disqualification to stand would be to erect an irrebuttable presumption that the short-term unemployed expecting to return to work with the same employer are never available for suitable work. Given the existence of many types of short-term temporary employment, especially in a large metropolitan area (Penn Hills is in Allegheny County), and the fact that many of these short-term unemployed workers would gladly

take such temporary employment to tide them over, such a presumption is totally unwarranted factually, even if it were permissible under the Act. Accordingly, the Commonwealth Court's disqualification of appellant based upon its misperception of section 401(d) availability cannot stand. As always, the question of availability must be decided on a case-by-case basis. (Emphasis in original.) (Citations omitted.)

*Id.* at 629, 437 A.2d at 1218.

*Penn Hills* is controlling here. The only limitation on the claimant's availability was for three months more or less until she became a full-time student. Under *Penn Hills,* it is clear that this short-term availability, by itself, is not disqualifying.

The claimant testified that she would accept work at night, and was willing to work as a secretary, bookkeeper, cashier, convenience store clerk, or dishwasher. Indeed, the claimant had already been interviewed for a summer bookkeeping position.

The Board contends that the facts here are similar to those of cases in which we have held that a full-time student who intends to return to school in the fall is rebuttably presumed to be unavailable for work during the summer. *See Mirkin v. Unemployment Compensation Board of Review,* 59 Pa. Commonwealth Ct. 537, 430 A.2d 384 (1981). *Penn Hills* would seem to have diminished, if not destroyed, the authority of those cases.

Order reversed.

### ORDER

AND Now, this 6th day of May, 1982, the order of the Unemployment Compensation Board of Review denying benefits is reversed and the record remanded for a computation of benefits.

This decision was reached prior to the resignation of Judge MENCER.

––––––––––

CONCURRING OPINION BY JUDGE BLATT:

Although I agree with the majority's conclusion, I do not believe that our Supreme Court's decision in *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 437 A.2d 1213 (1981), diminishes or destroys the authority of those cases in which we held, as summarized by the majority, "that a full-time student who intends to return to school in the fall is *rebuttably* presumed to be unavailable for work during the summer. (Emphasis added.) *See Mirkin v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 537, 430 A.2d 384 (1981); *Reardon v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977).

*Penn Hills* forbids *only* the erection of an *"irrebuttable* presumption that the short term unemployed expecting to return to work are never available for suitable work." *Id.* at    , 437 A.2d at 1218 (emphasis added). I would agree with the Board, therefore, that the "full-time" student cases have not been abrogated by *Penn Hills*.

Here, however, the claimant had not *previously* been a full-time student, but rather was a member of the work-force. The Board, therefore, erred as a matter of law in applying the full-time student cases in this situation. And, inasmuch as the findings below indicate that this claimant established[1] that she was

––––––––

[1] The Board adopted the referee's factual finding that the claimant was "seeking employment from two different sources which would be full-time now thru August. . . ." Also, the majority noted that "the claimant testified that she would accept work at night,

available for suitable work up until[2] her full-time studies began, I would reverse the Board's order.

and was willing *to work as a secretary, bookkeeper, cashier, convenience store clerk, or dishwasher* . . . [i]ndeed the claimant had already been interviewed for a summer bookkeeping position."

[2] Here, where the claimant had previously been, *not* a full-time student but rather a full-time member of the work-force, I believe that the Board was premature, under *Penn Hills*, in anticipating that she would not be available for suitable work and in speculating that she actually would enter school.