Kevin Walters, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

76

Argued March 4, 1982, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

No appearance for petitioner.

*Charles G. Hasson,* Associate Counsel, with him *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, June 4, 1982:

Kevin Walters (claimant) appeals from an order of the Unemployment Compensation Board of Review

(Board) affirming a referee's determination that he was ineligible for unemployment compensation benefits because he was not available for suitable work as required under Section 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

The claimant was employed as a laborer by Halloway Construction Company (employer) from May or June 1978 until September 1978 and from May 1979 until he was laid off on August 31, 1979. He testified that he attended college on a part-time basis, commencing in the January 1979 semester, during which he carried seven credits. Subsequent to being laid off in August, he carried ten credits and from September through December attended classes on Mondays, Wednesdays and Fridays from 8:00 a.m. until 12:00 noon. In January 1980, he undertook to carry seven credits and attended school five days a week: Mondays from 12:00 noon until 4:00 p.m.; Tuesday and Thursday from 8:00 a.m. until 9:15 a.m.; and Wednesday and Friday from noon until 1:00 p.m.

In affirming the referee, the Board, as the ultimate factfinder, *Rodriguez v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 65, 408 A.2d 1191 (1979), made the following findings:

5. The claimant is 19 years of age, single, lives alone and has no dependents.

6. The claimant is primarily a student rather than an unemployed worker.

7. The claimant was not able and available to accept suitable work during the period in issue.

Finding No. 6 is a conclusion of law and must therefore be disregarded as a finding of fact. *Reardon v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977).

As to the other findings, we have previously held that there is a presumption in the law that a full-time student is not available for work within the meaning of Section 401(d) of the Law, 43 P.S. §801(d). *In Re: Claim of James Wright,* 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976). This presumption is rebuttable, however, upon a showing by the claimant that, despite his status as a student, he is realistically and genuinely attached to the labor market. *Unemployment Compensation Board of Review v. Siene,* 24 Pa. Commonwealth Ct. 430, 357 A.2d 228 (1976). The claimant here was designated as a part-time rather than a full-time student, but his collegiate situation generally resembled that of a full-time student; his class hours were distributed over the week in such a fashion as to limit his availability for any other activity on a regular basis and, in the semester immediately following his lay-off, he carried ten credits. Here, therefore, as in *Claim of James Wright,* where there was a similar ten-credit course load, we must deem the presumption to apply,[1] and the claimant must, therefore, bear the burden of demonstrating "that [his] primary purpose is to work, rather than to obtain an education while working to pay for that education." *Ettorre,* 50 Pa. Commonwealth Ct. at 317, 413 A.2d at 8. He argues that he has done so by his unrefuted testimony that he, as a seasonally employed construction worker, considered himself to be primarily a laborer, that he is entirely self-supporting, that he lives alone in a trailer which he owns out-

---

[1] In *Ettorre v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 315, 413 A.2d 6 (1980) in which a 21 year old woman who lived at home with her parents, worked part-time and attended college part-time, was found to be primarily a student, the presumption was for the first time stated as applying to a "student."

right, and that, like the claimant in *Siene,* he would leave school if offered employment because he needs the money to pay his day-to-day living expenses and other bills. He also testified that he had applied for work in other labor markets and he submitted written statements from two business organizations indicating that he had sought employment with them during the period here involved that they had none available.

The claimant demonstrated that his foremost concern was obtaining full-time employment and he cannot, therefore, be categorized as a college student whose primary purpose is obtaining an education and who is available for work only conditionally or on a limited basis.[2] *Reardon; Wiley v. Unemployment Compensation Board of Review,* 195 Pa. Superior Ct. 256, 171 A.2d 810 (1961). The claimant thereby successfully rebutted the presumption that a full-time student is not available for work and we believe, therefore, that the referee and the Board committed an error of law when they concluded that the claimant was not genuinely and realistically attached to the labor force. *Reardon.* In the absence of proof that he refused suitable employment, the claimant should not be denied benefits. *Woodley v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 4, 317 A.2d 651 (1974). Here, as in *Reardon* and *Wiley,* we will reverse the referee and the Board and will remand for the computation of benefits.

ORDER

AND Now, this 4th day of June, 1982, the order of the Unemployment Compensation Board of Review in

---

[2] Although not germane to our review of the findings below, we note in passing that subsequent to the February 15, 1980 hearing, the claimant quit college on March 3, 1980 to accept full-time employment.

the above-captioned matter is reversed and remanded for determination of benefits.

Judge MENCER did not participate in the decision in this case.

———

CONCURRING OPINION BY JUDGE ROGERS:

I agree that the claimant is eligible for unemployment compensation benefits. I do not agree that the court made rule to the effect that unemployed students are presumed to be ineligible for benefits is any longer valid. As we noted in *Evanson v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 411, 444 A.2d 1317 (1982), the recent opinion of the Supreme Court in *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 437 A.2d 1213 (1981) disapproves of the application of exceptions to eligibility which have no clear and explicit foundation in the statutes. The burden placed on students to overcome a presumption of ineligibility is such an exception.

The majority correctly says that Pennsylvania courts have placed a burden of proof on unemployment compensation claimants who are also full-time students not imposed on other claimants—that of requiring full-time students to establish their availability for work within the meaning of Section 401(d) of the Act by demonstrating a substantial previous history of full-time work, good faith efforts to obtain unconditional full-time employment, and economic needs related to family support obligations. *See Ettorre v. Unemployment Compensation Board of Review*, 50 Pa. Commonwealth Ct. 316, 413 A.2d 6 (1980); *Reardon v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 139, 143, 373 A.2d 146, 149 (1977) (authorities collected).

The first two of these factors—previous work history and good faith efforts to obtain work—merely duplicate in an imprecise manner the precise and explicit requirements for eligibility contained in Sections 401(a) and (b) and Section 402(a) of the Act, 43 P.S. §§801(a) and (b), 43 P.S. §802(a). Sections 401(a) and (b) specify with mathematical exactness, based on the receipt of wages during the five calendar quarters immediately preceding the application for benefits, the work history required for eligibility. It is apparent that Mr. Walters' work history was sufficient to comply with the criteria of Sections 401(a) and (b) on account of his two previous years of employment as a construction laborer. He was furloughed from this position due to lack of work. While so employed the claimant was enrolled on a part-time basis in the undergraduate engineering program found by the Board to create the presumption of his ineligibility. Section 402(a) renders ineligible for benefits any claimant who does not periodically apply for suitable work with the unemployment authorities or who, having been offered such work by the authorities or by any other employer, refuses to accept it. In this regard, Mr. Walter's registration for work would, if he were not a student, create a presumption of his availability for work under Section 401(d).

It is therefore clear that a student with no substantial history of previous employment or one who is unwilling or unable to register for and then accept suitable employment when offered is ineligible for benefits under other sections of the Act. It is in my view both unnecessary and unwise to overlay Section 401(d)'s simple requirement that the claimant be available with a presumption reflecting the same consideration carefully described in Sections 401(a) and (b) and Section 402(a). Finally, the judicially cre-

ated requirement applied only to students that they demonstrate the existence of family support obligations is totally without foundation in the Act.

As the majority correctly notes, the student presumption of ineligibility applied to students has been said in a number of cases to ensure that student claimants are, as they are required to be, "realistically and genuinely attached to the labor market." The quoted language has not appeared in Section 401(d) since it was deleted by the 1961 amendments to the Act and, in my judgment, the function of determining attachment to the labor market with respect to those claimants otherwise able and available for work is now performed by other provisions of the Act, especially Sections 401(a) and (b).

Of course, every unemployment compensation claimant must be able and available to perform the duties of some substantial employment position. The presence of competing responsibilities attendant to the pursuit of education, like the competing responsibilities attendant to, for example, child rearing or the care of invalid family members, is certainly evidence relevant to the issue of such availability. However, it is not necessary that a claimant be available for either full-time or permanent employment and no reason is apparent either in the Act or in common experience why a full-time student must be presumed to be unavailable for any substantial, albeit part-time or temporary employment. Indeed, common experience indicates that many, if not most, full-time college students also perform at some point in their college careers substantial employment duties.

At the time of the referee's hearing in this case, Mr. Walters' academic responsibilities required his attendance in classes a mere eight hours each week and these hours were so scheduled as to leave the

whole of the workday, with the exception of a laboratory course on Monday afternoons and the hour from noon until 1:00 p.m. three days a week, free from scholastic obligations. In his pro se brief Mr. Walters asserts that he would reschedule his classes or withdraw from the college program if necessary to accept an offer of suitable employment and that any increase in his academic responsibilities beyond those undertaken while he was employed was simply the result of his desire to make productive use of his free time during the period of his employment.

I would hold that students, when they lose their jobs through no fault of their own, are no more to be presumed ineligible for benefits than are other classes of claimants. As the Supreme Court wrote in *Penn Hills*, "in determining whether a disqualification is appropriate, 'the test is not whether the claimant has taken himself out of the scope of the Act but *whether the Act specifically excludes him from its provisions. This is what is meant by a liberal and broad construction.*' " (Citation omitted) (emphasis in the original). *Id.* at    , 437 A.2d at 1215-1216.