Ted P. Breen, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

18

Submitted on briefs September 13, 1982, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*John J. Robinson, Jr.,* for petitioner.

*Charles D. Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, January 3, 1983:

Ted P. Breen appeals from two orders of the Unemployment Compensation Board of Review which, affirming the referee's decision, denied the claimant benefits on the basis of a conclusion that he was not available for work[1] and found him liable for a fault overpayment.[2]

[1] Section 401(d)(1) of The Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1).

[2] *Id.* at §874(a).

The facts of this case are not in dispute. The claimant has attended college as a part-time or full-time student since September 1978. When he applied for benefits, he lived at home with his parents, had no dependents, and had never worked full-time when in school.

For less than one month of his 1980 summer recess, the claimant worked part-time as a baker's assistant. When that job ended July 5, 1980, the claimant applied for benefits, leaving blank two questions on the benefits application form which would have indicated whether he attended or planned to attend school. He thus obtained $510.00 in unemployment benefits over a ten-week period. In September, he informed the Office of Employment Security that he had returned to school, having received a loan from his father to meet tuition payments.

The claimant contends that when he submitted his application for benefits in July he was available for work, because at that time he did not intend to resume his studies in the fall, having insufficient funds to meet the cost of his education. Moreover, the claimant argues that he should not be held liable for a fault overpayment because he merely forgot to complete the form and informed the interviewer orally of his academic history.

We must decide (1) whether substantial evidence supports the board's finding that the claimant is not available for full-time work because of student status, and (2) whether the claimant is liable for a fault overpayment.

The referee's decision, as adopted by the board, held that the claimant was not available for work because he was "primarily a student rather than a worker being basically committed to the work force," noting that the board and the courts have "refused benefits to a full time student who is in effect working

his way through school.'' That conclusion was derived from our expression, in earlier cases, of a rebuttable presumption that a full-time student is not available for work and therefore not genuinely attached to the labor market. *Reardon v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977).

However, the Pennsylvania Supreme Court, in an opinion issued after the board decision in this case, *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 625-6, 437 A.2d 1213, 1215-16 (1981), has clearly declared that "an unemployed worker can be denied benefits only by *explicit* language in the Act which clearly and plainly excludes that worker from its coverage,'' negating any interpretation or "judicial legislation'' which would base disqualification upon the brevity of unemployment, while reiterating the statute-based presumption that an unemployed worker who registers for unemployment is eligible for benefits. In the *Penn Hills School District* case, a claimant regularly employed as a school bus driver missed seven non-consecutive days of work (three days in succession being the longest uninterrupted period) when school was closed because of snow. Despite the brevity of unemployment and the claimant's intent to return to work for the same employer in short order, the Supreme Court held the claimant to be eligible.

The Supreme Court noted the 1977 amendments to the Law which expressly disqualified teachers and other school employees from benefits during school recess periods when they have a reasonable assurance of returning to work. Because the Supreme Court regarded that disqualification as supplying a "resounding negative implication'' with respect to the disqualification of school employees in other situations, we must conclude that any implicit disqualification of stu-

dents is negatived by the absence of any statutory provision expressly denying them benefits.

Therefore, if students are to be excluded from unemployment compensation benefits during school break periods (other than by inability to achieve base year eligibility), the legislature, and not the courts, must so rule. Although we must note our concern about the further drain and demand upon unemployment compensation funds which may result from the situation here noted,[3] we must acknowledge that the courts do not have the research facilities and committee machinery possessed by the General Assembly for making decisions essentially legislative in their nature.

The decision in this case, made when the referee and the board did not have the benefit of the *Penn Hills School District* case, must be reversed.

### ORDER

Now, January 3, 1983, the orders of the Unemployment Compensation Board of Review, Decision No. B-191741, denying benefits to the claimant and providing for recoupment of overpayment are hereby reversed, and this case is remanded for computation of benefits, subject to confirmation of base year wages qualification.

---

[3] The valid point made by the concurring opinion (in this case) provides helpful reassurance with respect to this concern.

---

CONCURRING OPINION BY JUDGE ROGERS:

I concur with the majority that no provision of the Unemployment Compensation Law authorizes a different treatment of students on the question of eligibility for benefits and wish merely to add my view, as expressed more fully in a concurring opinion in *Walters v. Unemployment Compensation Board of Review,*

67 Pa. Commonwealth Ct. 75, 445 A.2d 1365 (1982), that the concern expressed in the penultimate paragraph of the majority opinion has already been addressed by Sections 401(a) and (b) and Section 402(a) of the Act, 43 P.S. §§801(a) and (b), 43 P.S. §802(a) which rendered ineligible for benefits anyone, whether student or not, who is without a substantial history of previous employment or who is unwilling or unable to register for and then accept suitable employment when offered.