Thomas J. Biemesderfer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 15, 1982, to Judges
BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of
three.

*Michael Goldberg*, with him *Marian E. Frankston*,
for petitioner.

*James K. Bradley*, Associate Counsel, with him
*Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, February 4, 1983:

The petitioner, Thomas J. Biemesderfer, argues
that the Unemployment Compensation Board of Re-
view (Board) erred in determining that his status as
a part-time student made him unavailable for work
within the purview of Section 401(d) of the Unem-
ployment Compensation Law (Act), Act of December
5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as
amended*, 43 P.S. §801(d). The Board found that
"the claimant is primarily a student who also works."

Our review here is limited to questions of law and, absent fraud, to a determination of whether or not the Board's findings are supported in the record without a capricious disregard of competent evidence. *Goodwin v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977).

Regardless of a claimant's status as student or non-student, of course, any applicant has the burden of establishing the fact that he is able and available for work. *Wincek v. Unemployment Compensation Board of Review*, 64 Pa. Commonwealth Ct. 201, 439 A.2d 890 (1982).

Here, the claimant had been employed full-time for two and a quarter years by the Trojan Yacht Company. He testified that, upon being involuntarily separated due to a lack of work, he actively sought other employment,[1] and enrolled in school on a part-time basis.[2] As our courts have recognized, "a claimant should not be penalized merely because he has the commendable desire, in keeping with the great American tradition, to further his education by attending classes during hours which do not interfere with his job". *Wiley v. Unemployment Compensation Board of Review*, 195 Pa. Superior Ct. 256, 259, 171 A.2d 810, 812 (1961). Rather, the relevant issue is whether or not the claimant's limitation on his availability effectively removes him from his local labor market.

---

[1] The claimant testified that he had applied for employment at approximately six places. Moreover, he presented a letter from the Census Bureau indicating that he had passed the census test and would be considered for positions as they opened up.

[2] The testimony indicated that a full-time student schedule involved at least twelve credit hours of class, while the claimant's schedule involved only nine credit hours of class. Furthermore, the claimant's schedule was such that although his mornings were reserved for class, his afternoons, evenings and weekends were free for employment.

*Myers v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975). And, as we have frequently held, a claimant need not be available for any and all types of work in order to be eligible for benefits. *Goodwin*. Moreover, a claimant who is ready, willing and able to accept some substantial employment may be eligible even though he limits his availability to part-time work. *Urista v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 618, 425 A.2d 494 (1981).

Keeping in mind the claimant's employment history, his attempts to secure employment,[3] his willingness to work all afternoons, nights, and weekends, and the purpose of the Act,[4] we believe that the Board committed an error of law when it concluded that the claimant was not available for suitable work, based solely on his status as a student. As we have recently stated in an analogous situation,[5] "if students are to be excluded from unemployment compensation benefits . . . (other than by inability to achieve base year

[3] We merely note in passing that the claimant's persistence paid off; he secured a job as a salesman of lawn care services with "The Lawn Doctor". This job involves between 25 to 35 hours per week.

[4] "The Unemployment Compensation Law is designed to relieve workers who become unemployed through no fault of their own of the hardship flowing from loss of employment." *Gilman v. Unemployment Compensation Board of Review*, 28 Pa. Commonwealth Ct. 630, 635, 369 A.2d 895, 897 (1977). The claimant, certainly, is a member of the group which the Act is designed to assist, inasmuch as he was a "worker" who after two and a quarter years of service, unquestionably became unemployed "through no fault of his own."

[5] *Breen* involved a student claimant who worked part-time for one month of his summer recess. In finding that he was eligible for compensation, we noted that "we must conclude that any implicit disqualification of students is negatived by the absence of any statutory provision expressly denying them benefits." *Id.* at 20.

eligibility), the legislature, and not the courts, must so rule. *Breen v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 17,     A.2d (1983); *Evanson v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 411, 444 A.2d 1317 (1982).

We will reverse the order of the Board.

### ORDER

AND Now, this 4th day of February, 1983, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed and the matter remanded for the computation of benefits.