Diane M. Wagner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1982, to Judges ROGERS, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Mineko S. Avery,* for petitioner.

*Charles Donahue,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 3, 1983:

Diane M. Wagner (claimant)[1] has appealed from an order of the Unemployment Compensation Board of Review (Board) denying her benefits on the ground that she was "primarily a student." The Board concluded that, because the claimant was enrolled as a full-time student, she was not realistically attached to the labor market; and that, hence, she was ineligible for benefits by force of Section 401(d) of the Unemployment Compensation Law (Law).[2]

Until May 22, 1980, the claimant was employed as a nurse's aide at St. Clair Hospital in Pittsburgh, Pennsylvania. She had been so employed for almost three years. In February of 1980, about three months before her last day at work, the claimant enrolled at a Pittsburgh technical school in a full-time, one year course to prepare for becoming a licensed practical nurse. She attended school from 7:00 A.M. until 3:00 P.M.;

---

[1] In the caption of the Petition for Review filed in this Court, the claimant's first name is set forth as being "Dian*e*." Yet, according to the documents from below and the claimant's own signature, her first name is "Dian*a*."

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). This Section requires, subject to certain exemptions not here pertinent, that a claimant be "able to work and available for work."

Monday through Friday; and also maintained her regular work schedule at St. Clair Hospital.[3] According to one account given by the claimant, her work shift at the hospital was from 4:00 P.M. until 11:00 P.M.[4] On May 22, 1980, the claimant was discharged from her employment at the hospital, allegedly because of some complaint about her attitude. The discharge did not disrupt her pursuit of the nursing course at the technical school.

On May 25, 1980, the claimant applied to the Office of Employment Security (OES) for unemployment compensation. In her interview with OES, the claimant stated that she did not know why she was discharged from St. Clair Hospital. She also stated that she was unwilling to disrupt her class schedule for "full-time" work, but that she was available for work between 4:00 P.M. and 10:00 P.M. or between 4:00 P.M. and 11:00 P.M. She expressed no limitation as to the salary or type of work she would accept.

The claimant's application for benefits was denied by OES, as to the claim weeks ending May 31, June 7, and June 14, 1980. OES determined that she had been discharged from the hospital for willful misconduct under Section 402(e) of the Law,[5] and also that her

---

[3] When the claimant applied for benefits in this case, she set forth on her "Summary of Interview" sheet that her class schedule was from 7:00 A.M. until 3:00 P.M., Monday through Friday. Yet, the Board adopted a finding, made by the referee, that the claimant's class schedule ended at 2:00 P.M. The only evidence about her classes ending at 2:00 P.M., seems to be the claimant's testimony before the referee about the nature of her class schedule *at the time of that hearing*, which was about two months after she applied for benefits.

[4] The work shift at the hospital was so described by the claimant on the "Summary of Interview" sheet. However, in her testimony before the referee, the claimant said her work shift was from 3:00 P.M. until 11:00 P.M. the whole time that she was employed by the hospital.

[5] 43 P.S. §802(e).

school situation rendered her ineligible pursuant to Section 401(d) of the Law.

The claimant's appeal from the OES determination was heard by a referee on July 24, 1980. Because the employer did not attend the hearing, after being duly notified, the referee concluded that the charge of willful misconduct must fail. However, the referee affirmed the determination of ineligibility under Section 401(d). He decided that, as to the claim weeks involved in the OES determination, the claimant was "primarily a student" and was not realistically and genuinely attached to the labor force. The basis for that conclusion was the fact that the claimant was a full-time student, and had stated a refusal to accept work that conflicted with her class schedule. The referee also found it significant that the claimant was twenty-one years of age, resided with her parents, and had no dependents.[6]

The Board adopted the referee's decision, and accordingly entered an order affirming it. That order was followed, ultimately, by the claimant's appeal to this Court.

The pivotal element in this case is the restriction the claimant put on her availability for work. As noted, she indicated to OES that she was willing to work only between the hours of 4:00 P.M. and 10:00 or 11:00 P.M. That was the only restriction she imposed; she expressed no limitation as to salary or type of work. Legal precedent has clearly established that a claimant may render himself unavailable for work, and thus ineligible for unemployment benefits, by imposing limitations on his availability for employment. *Hunt v. Unemployment Compensation Board of Review,* 8 Pa. Commonwealth Ct. 577, 302 A.2d 866

---

[6] At the referee's hearing, the claimant said that she was willing, *as of that time,* to interrupt her schooling to accept full-time employment. The referee stated that he would so advise OES.

(1973). However, the mere existence of a limitation, even one self-imposed, does not automatically render a person unavailable for work. Rather, the essential question is whether the claimant's limitation on his availability effectively removes him from his local labor market. *Goodwin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977); *Myers v. Unemployment Compensation Board of Review,* 17 Pa. Commonwealth Ct. 281, 330 A.2d 886 (1975). Moreover, to support a conclusion that a claimant is ineligible under Section 401(d), because of a limitation on his availability for work, there must be sufficient evidence in the record to show the following: that, given the limitation, a search for employment would have an unreasonably low possibility of success. *Goodwin; Myers.*

In the instant case, the compensation authorities made no finding as to whether the claimant's time limitation on her availability for work gave her quest for work a low possibility of success in her labor market. It appears to us that the referee's decision, which the Board adopted, was based solely on the conjunctive presence of two facts: the claimant's insistence on maintaining her full-time class schedule; and her freedom from economic needs related to family support obligations. We readily can understand why, in the instant case, the compensation authorities relied on that approach. At the time of the proceedings below, such was the approach mandated by an ample body of court-made law specifically relating to claimants who are also students.

Under previous judicial decisions, a full-time student was rebuttably presumed to be unavailable for work within the meaning of Section 401(d) of the Law. *E.g., In Re: Claim of James Wright,* 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976); *Woodley v. Unemployment Compensation Board of Review,* 13 Pa. Com-

monwealth Ct. 8, 317 A.2d 897 (1974). To rebut that presumption, a claimant-student had to show that, despite his status as a student, he was "realistically and genuinely" attached to the labor market. *Unemployment Compensation Board of Review v. Siene,* 24 Pa. Commonwealth Ct. 430, 357 A.2d 228 (1976). That is, the claimant had to show that his primary purpose was to work, rather than to obtain an education while working. *Ettorre v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 315, 413 A.2d 6 (1980); *Reardon v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977). To satisfy the foregoing burden of proof, a claimant-student had to demonstrate that he had a history of full-time employment, that he had made a good-faith effort to secure unconditional full-time employment, and that he had economic needs related to family support obligations. *Ettorre; Reardon; see Wiley Unemployment Compensation Case,* 195 Pa. Superior Ct. 256, 171 A.2d 810 (1961).

The presumption that a full-time student is unavailable for work, and the rule that he must show, among other things, an economic need born of family support obligations, were restrictions on benefit eligibility that did not apply to any other class of claimants. Moreover, those restrictions were entirely court-made, and have no explicit source in the unemployment compensation statute itself. Because those restrictive principles lack an express statutory foundation, their vitality, as a basis for denying unemployment benefits, has been drastically affected by recent appellate decisions.

In *Penn Hills School District v. Unemployment Compensation Board of Review,* 496 Pa. 620, 437 A.2d 1213 (1981), the Pennsylvania Supreme Court held that an unemployed worker can be denied benefits only by *explicit* statutory language that clearly and plainly excludes him from the statute's coverage. Based on

*Penn Hills,* we have held, in Judge CRAIG's opinion in *Breen v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 17, 453 A.2d 1076 (1983), that "any implicit disqualification of students is negatived by the absence of any statutory provision expressly denying them benefits." *Id.* at 20-21, 453 A.2d at 1077.

There is nothing in the Unemployment Compensation Law that expressly disqualifies a claimant merely because he is a full-time student and has no family support obligations. Given *Penn Hills* and *Breen,* a claimant cannot be denied benefits on that ground. Hence, if a claimant so situated is to be ruled ineligible, on a conclusion that his student status has rendered him unavailable for work within the meaning of Section 401 (d) of the Law, it must be because the particular limitation on his availability is such that a search for employment in the local labor market would have an unreasonably low possibility of success. That is the test for non-students who have limited their availability for work. *Goodwin; Myers.* We can ascertain nothing in the statute that justifies subjecting students to a different measure of availability for work. As Judge ROGERS observed in his concurring opinion in *Walters v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 75, 445 A.2d 1365 (1982) : " [S]tudents, when they lose their jobs through no fault of their own, are no more to be presumed ineligible for benefits than are other classes of claimants." *Id.* at 83, 445 A.2d at 1369.

The claimant in the instant case, prior to losing her job, had worked for almost three years as a nurse's aide in a Pittsburgh hospital. Given the record before us, we must conclude that she became unemployed through no fault of her own. In her application for unemployment benefits, the claimant set forth no limitations as to the salary or type of work she would accept. The only limitation she imposed was that, from

Monday through Friday, she would be available for work from 4:00 P.M. until 10:00 or 11:00 P.M. It should be noted that according to the information she gave OES, her hours of availability were either identical or substantially similar to her work shift at the hospital.

The crucial question in this case is whether, given the time limitation on the claimant's availability for work, a search for employment in her local market would have had an unreasonably low possibility of success. If that question is answered in the negative, what the claimant did during the hours of the day preceding her time limitation is of no consequence.

The fact that the claimant was an experienced hospital worker, was available and willing to work six or seven hours a day at least five days a week, had imposed no limitation as to salary or type of work, and was seeking work in or about Pittsburgh, would seem to suggest that a search for employment would *not* have had an unreasonably low possibility of success. However, that issue is, as a general matter, one of fact for the Board to determine. *Tokar v. Unemployment Compensation Board of Review,* 35 Pa. Commonwealth Ct. 241, 385 A.2d 634 (1978); *see Goodwin; Unemployment Compensation Board of Review v. Wilson,* 24 Pa. Commonwealth Ct. 21, 354 A.2d 260 (1976); *Myers.*

As we have already indicated, the Board in this case did not consider whether or not the claimant's time limitation, on her availability for work, would unreasonably reduce the possibility of succeeding in a search for work. Hence, we must remand this case to the Board for an adjudication that addresses that very issue. Although it is necessary for us to set aside the decision now before us, we should note in passing that the Board, at the time of the proceedings below, did not have the benefit of the *Penn Hills* and *Breen* cases.

## ORDER

AND Now, the 3rd day of June, 1983, the order of the Unemployment Compensation Board of Review at Decision No. B-188547, dated October 14, 1980, is hereby vacated; and the case is remanded to the said Board for findings and a decision consistent with the foregoing opinion. Jurisdiction relinquished.