William D. Sickafuse, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 7, 1982, to Judges ROGERS, WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Frank J. Piatek,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, August 30, 1983:

This is an appeal by William D. Sickafuse (Claimant) from the decision and order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee to deny unemployment compensation benefits pursuant to Section 401(d)(1) of the Pennsylvania Unemployment Compensation Law[1] (Law). For the reasons which follow, we affirm the order of the Board.

Claimant had been employed on a full-time basis as a stock worker for Haney's Furniture (Employer) for approximately ten months when, in July of 1980, his working hours were reduced to twenty hours per week. This is the work schedule he currently maintains. After filing an application for benefits effective July 20, 1980, Claimant enrolled for the fall of 1980 term at Grove City College. Following a hearing, the referee determined that Claimant was not available for employment and therefore found him to be ineligible for compensation benefits.[2] Claimant did not take any appeal from this determination. He did, however, reopen his claim for benefits following the completion of the fall term on December 19, 1980. A hearing was held on this later claim on March 10, 1981, while Claimant was enrolled at Grove City College for the spring 1981 semester. When the referee again determined that Claimant was ineligible for benefits, he appealed to the Board. After the Board adopted the decision of the referee, Claimant appealed to this Court.

To reach the conclusion that Claimant was ineligible for benefits, the referee relied upon a rule of law,

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §801(d).

[2] Before a decision concerning Claimant's ineligibility was made by the Office of Employment Security, Claimant received benefit checks for four consecutive weeks. The sum of these checks totaled $295.00.

set forth in *Reardon v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977), which expressed a rebuttable presumption that a full-time student is unavailable for work. As a result of our Supreme Court's decision in *Penn Hills School District v. Unemployment Compensation Board of Review*,[3] however, the authority for this proposition of law has been overruled. *Breen v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 17, 453 A.2d 1076 (1983); *see Evanson v. Unemployment Compensation Board of Review*, 66 Pa. Commonwealth Ct. 411, 444 A.2d 1317 (1982). Therefore, our task in the matter *sub judice* is to apply the traditional scope of review to determine if the Board's finding that Claimant is unavailable for work can be sustained without a capricious disregard of competent evidence, *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979), while avoiding reliance upon the negative presumption, *Breen*.

Our review of the record reveals that after the Employer reduced Claimant's work hours to twenty hours per week in July of 1980, Claimant matriculated as a full-time college student. Claimant had completed one semester, and had begun a second semester, while maintaining his part-time employment. We also note that the Board did not consider Claimant's employment search indicative of an individual who was actually available for work. While there is no quantitative measure to prove good faith, the Board concluded that Claimant's three undocumented employment contacts over a several month period did not demonstrate a good faith effort to secure employment. Finally, Claimant's spouse is employed and con-

---

[3] 496 Pa. 620, 437 A.2d 1213 (1981).

tributing to the support of the family. Although this fact does not directly affect Claimant's eligibility for benefits, it does tend to negate the inference that Claimant would be required by necessity to leave school and return to full-time employment in order to support his family. Following our careful review of the testimony, we conclude that the Board did not capriciously disregard evidence. Furthermore, we are convinced that there is substantial evidence, without relying on the negative presumption, to support the finding that Claimant was unavailable for work.

In the alternative, Claimant argues that the referee's finding of fact number nine is unsupported by competent evidence. This finding provides:

9. In a Referee's decision dated 10-10-80 the claimant was denied benefits under Section 401(d)(1) due to his student status.

Claimant contends that it was error to admit the earlier decision on grounds of hearsay and relevance. We disagree. First, the prior determination of the referee is supported by Claimant's own testimony,[4] which, insofar as it constitutes an admission of a party, is an exception to the hearsay rule. *Kilpatrick v. Unemployment Compensation Board of Review*, 59 Pa. Commonwealth Ct. 201, 429 A.2d 133 (1981). Secondly, under Section 509 of the Law, 43 P.S. §829, any "fact or matter in issue which was directly passed upon or necessarily involved in any decision of a referee ... which has become final shall be conclusive for all purposes of this act...." The issue of Claimant's availability for work became final for that period when no appeal was taken from the Referee's decision. "For an issue of fact to be binding in a subsequent

---

[4] At the hearing on Claimant's previous claim, he indicated that he would try to get a job which fit into his class schedule and that he was unavailable for work in the mornings. There is no dispute that such testimony supports the earlier determination.

proceeding, the parties must have had an opportunity to 'actually litigate' the issue." *Schubach v. Silver*, 461 Pa. 366, 379, 336 A.2d 328, 334-35 (1975). Claimant's status for the period at issue here is not materially different from his status during the prior period. Therefore, it is improper to describe the prior decision as irrelevant.

Claimant additionally argues that the referee capriciously disregarded Claimant's own testimony that he would quit school to accept a full-time position. In his reasoning, however, the referee referred to this testimony and concluded that it is merely a self-serving declaration. A factfinder is not required to accept such a declaration particularly where there is circumstantial evidence to the contrary. *See Graham v. Unemployment Compensation Board of Review*, 14 Pa. Commonwealth Ct. 445, 322 A.2d 807 (1974). Claimant's prior inconsistent statements concerning his intention to fit a work schedule around his class schedule is clearly evidence to the contrary. Thus, we conclude that the referee did not capriciously disregard evidence on this issue.

Therefore, since the findings of fact and conclusions of law can be sustained without a capricious disregard of evidence, the order of the Board is affirmed. Furthermore, since Claimant, through no fault of his own, received $295.00 in unemployment compensation benefits to which he was not entitled, said amount shall be recouped as a non-fault overpayment in accordance with the provisions of Section 804(b) of the Law, 43 P.S. §874(b).

ORDER

Now, August 30, 1983, the order of the Unemployment Compensation Board of Review, at No. B-194949, dated May 4, 1981, is affirmed.

Judge WILLIAMS, JR. dissents.