Robin H. Gerber, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1983, before Judges MacPHAIL, DOYLE and BARBIERI, sitting as a panel of three.

*Robert L. McQuaide, Swope, Heiser & McQuaide,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

Opinion by Judge Doyle, December 15, 1983:

This is an appeal by Robin H. Gerber (Claimant) of an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits under Section 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d).

Claimant was employed as a security guard with Burns International Security (Burns) from November 1, 1979 to October 11, 1981 when he was laid off. During the time of his employment with Burns, Claimant was also a full-time student at York College. Claimant was laid off by his employer allegedly because he was studying his school homework while on duty and he subsequently filed for unemployment compensation benefits on November 22, 1981. At the initial interview on December 1, 1981 Claimant disclosed his status as a full-time student and indicated that he would only accept employment compatible with his class schedule. On December 30, 1981, however, before any determination as to eligibility had been made, Claimant returned to the Office of Employment Security (OES) and indicated that he would accept any full-time employment and would alter or terminate his education plans if necessary because his school loan had not been approved and he could not continue with his education. The OES denied benefits and, following a hearing, a referee affirmed the OES determination.[1] On appeal to the Board, the referee was affirmed. Appeal to this Court followed.

---

[1] The OES had also found Claimant to be ineligible because of willful misconduct under Section 402(e) of the Law, 43 P.S. §802(e). The referee determined that Claimant's studying on the job during idle periods did not amount to willful misconduct. The employer did not challenge that determination on cross-appeal to the Board and the matter is not before us.

Both the decision of the referee and the affirmance by the Board were issued prior to our decision in the case of *Breen v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 17, 453 A.2d 1076 (1983). In *Breen*, we abandoned the presumption that a full-time student is unavailable for work, finding the authority for the presumption to have been overruled by the Supreme Court in *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 437 A.2d 1213 (1981). While the referee's opinion does not expressly rely on the presumption, it is clear from our recent decisions that the law has changed and the referee and the Board should have the opportunity to review the claim in view of these changes. *See Sickafuse v. Unemployment Compensation Board of Review*, 76 Pa. Commonwealth Ct. 608, 464 A.2d 689 (1983); *Wagner v. Unemployment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 593, 460 A.2d 1210 (1983). It is therefore necessary to remand the matter for renewed analysis of the evidence presented and findings from which it can be determined whether, according to the criteria developed in our recent case law, Claimant was available or unavailable for work. *See Sickafuse; Wagner.*

In its brief to this Court, the Board concedes that our *Breen* decision is dispositive of the question of Claimant's eligibility during compensable weeks when classes were not in session. Our opinions in *Sickafuse* and *Wagner* make clear that our abandonment of the presumption of unavailability extends also to students currently enrolled in or attending classes.

In *Wagner* we noted that nothing in the Unemployment Compensation Law expressly disqualifies a claimant merely because he is a full-time student and has no family to support and held that the test of eligibility must be the same for students and non-students alike. Ineligibility must be based on a con-

clusion that the limits to a particular student's availability are such that a search for employment in the local labor market would have an unreasonably low probability of success. In *Sickafuse* we articulated some of the considerations relevant in determining the extent of the limitation a claimant's student status places on availability and the likelihood that the claimant would abandon his commitment to educational pursuits in order to be available for employment.

In *Sickafuse*, as here, the claimant asserted a willingness to withdraw from classes, if necessary, to secure employment. We noted indicia in the record which discredited this assertion. We noted that the claimant had begun his matriculation as a full-time college student after the employer had reduced his work hours. We also noted that the record indicated meager efforts on the claimant's part to secure employment. Finally, we found it significant that the claimant's spouse was employed and was contributing to the support of the household, tending to negate any inference that necessity would require him to leave school and secure full-time employment.

In the case at bar we note that the record supports findings of the referee,[2] but that additional findings are necessary, however, to determine the extent to which Claimant's commitment to educational pursuits limits his availability. These would include findings regarding Claimant's employment history, his efforts to secure employment while enrolled, and the particulars of his financial circumstance.[3] After the Board

---

[2] The Board made no additional findings of fact.

[3] The Referee found, *inter alia*, that at the hearing held on January 28, 1982, the "claimant *indicated* that he would quit school altogether, change school hours or change to independent study in favor of full time work" (emphasis added). The Referee *himself* did not make such a finding.

has carried out its factfinding role and arrives at a fresh determination, we can determine if new findings are consistent with a conclusion that Claimant was available or unavailable for work.[4]

### ORDER

Now, December 15, 1983, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-207040, dated June 21, 1982, is hereby vacated and the matter remanded for proceedings consistent with this opinion. Jurisdiction is relinquished.

Judge BARBIERI dissents.

---

[4] We will, of course, determine also whether the findings of fact are consistent with each other and can be sustained without capricious disregard of competent evidence. *Lake v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).