Timothy J. Tiedemann, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 10, 1984, to Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Harry S. Geller,* with him, *Lea S. Judson,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., October 26, 1984:

Timothy J. Tiedemann appeals an order of the Unemployment Compensation Board of Review which affirmed a referee's denial of benefits under Section 401(d)(1) of the Unemployment Compensation Law (Law).[1]

Claimant was employed by Louis Lehrman & Sons to work from June through September 1982 as a temporary summer replacement "order puller." On August 20, 1982, claimant quit work to enroll as a part-time student in Shippensburg College's non-degree continuing education program. He carried ten credits and from September through December attended classes on Mondays, Wednesdays and Fridays from 9:00 a.m. to 10:00 a.m.; Tuesdays from 1:00 p.m. to 3:00 p.m.; and, on Monday evenings from 6:30 p.m. to 9:00 p.m. Claimant applied for unemployment benefits on October 3, 1982. At the initial claims interview claimant disclosed his part-time student status, indicated his availability for full-time employment (at any hours) and evinced a willingness to modify his class schedule to accommodate a job. The Office of Employment Security (OES) awarded benefits after determining that claimant was able and available for suitable work.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d)(1).

The employer appealed and, following a hearing where claimant appeared *pro se,* the referee reversed the OES determination upon concluding that claimant was "primarily a student" who was therefore not available for work. The Board affirmed the referee's decision and claimant appealed to this Court. Claimant subsequently obtained an attorney, and, by stipulation of counsel, the case was remanded to the Board for additional testimony pertinent to his availability for work in light of *Breen v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 17, 453 A.2d 1076 (1983). Concluding simply that "claimant was primarily a student rather than a worker" whose class schedule "restricted his availability for work," the board affirmed the referee's denial of benefits under Section 401(d)(1) of the the Law.

*Breen* and its progeny[2] abolished the decisional rule that fulltime students were rebuttably presumed to be unavailable for work. The test for students and non-students alike is whether a claimant's limitation on his availability effectively removes him from his local labor market. *Wagner.* Consequently, to justify an ineligibility determination under Section 401(d)(1), sufficient evidence in the record must establish that, given the particular constraints, a claimant's employment search in the local labor market would have an unreasonably low possibility of success. *Id.; Gerber.*

At the hearings claimant testified that he was enrolled as a part-time student in a non-degree, cotinuing education program that required seven and one-

---

2 *See also Gerber v. Unemployment Compensation Board of Review,* 79 Pa. Commonwealth Ct. 117, 468 A.2d 888 (1983); *Sickafuse v. Unemployment Compensation Board of Review,* 76 Pa. Commonwealth Ct. 608, 464 A.2d 689 (1983); *Wagner v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 593, 460 A.2d 1210 (1983).

half hours per week of class; that he was willing to drop courses or rearrange his class schedule to accommodate full or part-time employment; that he was willing to work any shift and on weekends; that his employment history included jobs as a machine operator, construction worker and cashier; and, that he had attempted to secure employment while a student.

Notwithstanding claimant's relevant, uncontradicted testimony and our decision in *Wagner,* which was filed three months *before* the board's final decision, the board's sole "finding" regarding availability was that "[t]he claimant was primarily a student rather than a worker." Although the remand was for additional findings to determine the extent to which claimant's educational commitments limited his availability, the board inexplicably failed to make such findings, concluding reflexively that claimant was not available for work because of his student status and class schedule.

We believe that the board committed an error of law when it automatically concluded that claimant was not available for suitable work because of his part-time student status. *Biemesderfer v. Unemployment Compensation Board of Review,* 71 Pa. Commonwealth Ct. 576, 455 A.2d 302 (1983) (part-time student eligible under Section 401(d) because willing to accept part-time work). Further, our careful review of the record reveals a lack of evidence sufficient to demonstrate that claimant's educational pursuits effectively removed him from his local labor market. *Wagner.* In view of claimant's employment history, his determined efforts to obtain employment, his expressed willingness to modify his class schedule to accommodate a job and to work shifts and weekends, "[i]t is difficult to imagine what further proof of availability the claimant . . . could offer." *Reardon v. Unemployment Compensation Board of Review,* 30 Pa.

Commonwealth Ct. 139, 144, 373 A.2d 146, 149 (1977);
*Biemesderfer.*

Accordingly, we will reverse the order of the board.

### ORDER

AND Now, this 26th day of October, 1984, the order of the Unemployment Compensation Board of Review at B-214810-B, dated September 13, 1983, is reversed.