523 A.2d 830

Norma J. Kuzma, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 6, 1987, to Judges MAC-PHAIL, DOYLE and BARRY, sitting as a panel of three.

*Judith Wilson,* for petitioner.

*Jonathan Zorach,* Associate Counsel, with him, *Paul E. Baker,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, April 6, 1987:

Norma J. Kuzma (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which found her ineligible for unemployment compensation benefits under Sections 402(a) and 401(d)(1) of the Unemployment Compensation Law (Law),[1] 43 P.S. §§802(a) and 801(d)(1). The Board's finding of ineligibility was based on its conclusions that Claimant had failed to accept an offer of suitable employment and that she was not genuinely and realistically attached to the labor market.

Claimant was employed as a waitress by Country Foods Restaurant (Employer) until October 5, 1984 when she was forced to stop working as a result of injuries she sustained in an automobile accident. Claimant had worked for Employer for approximately one year prior to her accident on a part-time basis. Claimant was released by her doctor to return to work on December 7, 1984, whereupon she reapplied for work with Employer with the request that she be given Tuesday evenings off for personal reasons. Claimant was not rehired, however, and subsequently became a full-time night student in January, 1985, at Mercyhurst College. At the referee's hearing, she expressed her unwillingness to quit school for full-time employment. The referee and

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended.*

Board both found that Claimant is only available for part-time work due to her school commitments.[2]

The referee, following a hearing, concluded that since Employer did not formally offer Claimant any employment, she could not be disqualified under Section 402(a) for refusing an offer of suitable work. The referee did conclude, however, that Claimant is "basically and primarily a student rather than a worker" and, thus, failed to meet the availability requirements of Section 401(d)(1) of the Law. On appeal, the Board issued its own adjudication in which it adopted the referee's fact findings and his conclusion that Claimant was not available for work under Section 401(d)(1). The Board also concluded, however, that Claimant *did* refuse an offer of suitable work by Employer rendering her ineligible under Section 402(a).

We first turn to the issue of whether Claimant refused an offer of suitable employment in December, 1984. The Board and referee both rendered the following pertinent findings on this issue:

4. The claimant reapplied for work with Country Food Restaurant on December 7, 1984, but requested to be off on Tuesday evenings so that she could continue dancing lessons.

5. During the week ending December 17, 1984, the employer did not rehire the claimant *because she told the employer she had applied for another job*. (Emphasis added.)

---

[2] The Board also found that Claimant's work availability was limited by her part-time employment with another employer for sixteen hours per week. We observe that that employment, however, did not commence until *after* the four compensable weeks here at issue. Thus, we fail to see how that part-time employment can be viewed as limiting Claimant's availability for work during the compensable weeks with which we are here concerned.

As noted previously, the Board and referee reached different conclusions based on these fact findings. The Board concluded that, in actuality, "the employer told the claimant that a position was available for the claimant and that it was really the claimant's decision not to accept it because it did not fit in with her schedule."

Our own review of the hearing transcript, which is hampered by the appearance of "inaudibles" in important passages, reveals that Employer's restaurant manager did not initially offer Claimant a position due to her restriction on Tuesday evening work. The manager later decided that she could offer Claimant work, but in the meantime learned that Claimant had also applied for work elsewhere. The manager testified as follows regarding her decision to then hire another person instead of Claimant:

QR: . . . Are you saying you intended to rehire her but she said to you she had another job?

AEW: *I figured that was what she was going to do* and so I went ahead and hired another lady.

. . . .

QR: Did she tell you she had another job or she was merely applying for one?

AEW: She said she had applied for another job.

QR: Why would that keep you from rehiring her?

AEW: Well, I thought *if she could get another job* and work the hours she wanted and they could go along with what she wanted, it would be better for her to go there.

Notes of Testimony (N.T.) at 4-5 (emphasis added). Claimant testified that when she learned she could have Tuesday evenings off, she disavowed any further interest in other employment. N.T. at 7.

Thus, it would appear that the decision not to hire Claimant was not prompted by Claimant's refusal to accept a tendered offer of employment, but rather, by Employer's decision not to offer work based on Claimant's application for employment elsewhere. We cannot agree with the Board, based on the record as a whole, that Claimant declined any definite offer of work by Employer. Moreover, there is no evidence that Claimant retracted her request for work with Employer when she also applied for work elsewhere.

The Board contends, however, that Claimant *discouraged* Employer from offering a position by her schedule restriction and her action in applying for employment elsewhere. While it is true that a claimant may be found ineligible under Section 402(a) for actions which discourage offers of employment, *Mohl v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 69, 321 A.2d 662 (1974), we fail to see how a claimant's attempt to secure employment through more than one source can be deemed disqualifying conduct. We also do not find Claimant's self-imposed restriction on Tuesday evening work to constitute an impermissible limitation in view of Employer's admission that Claimant *could* have been hired with such restriction. We, accordingly, will reverse the Board's conclusion that Claimant is ineligible for benefits under Section 402(a) of the Law.

The remaining issue is whether Claimant, during the compensable weeks at issue, was available for work as required by Section 401(d)(1) of the Law. The crucial question in cases of this nature is whether Claimant's limitation on her availability for work effectively removes her from her local labor market. *Wagner v. Unemployment Compensation Board of Review,* 74 Pa. Commonwealth Ct. 593, 460 A.2d 1210 (1983). As we have noted in recent case developments, there is noth-

ing in the Law which specifically disqualifies a claimant simply because she is a full-time student. *Id*. Moreover, a claimant who is ready, willing and able to engage in some substantial employment may be eligible for benefits even though she limits her availability to part-time work. *Biemesderfer v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 576, 455 A.2d 302 (1983); *Urista v. Unemployment Compensation Board of Review*, 56 Pa. Commonwealth Ct. 618, 425 A.2d 494 (1981). Thus, regardless of the reason for a limitation on work availability, the pertinent inquiry is whether the restriction would give a search for employment an unreasonably low possibility of success.[3] *Goodwin v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977).

Reviewing the evidence in the instant case, Claimant testified that she is divorced and must work to support herself. Claimant's employment history has been limited to part-time employment for a total of approximately five years. N.T. at 6. She started a six-month night school program in January, 1985 to obtain a certificate in Industrial Technology and expressed her unwillingness to quit school to obtain full-time employment. N.T. at 6-7. Claimant did obtain part-time work beginning in February, 1985 and was still working as of the date of the referee's hearing on April 11, 1985. N.T. at 7. The Board, in fact, found that Claimant was avail-

---

[3] We note at this juncture our concern over certain language employed by the referee and adopted by the Board, which indicates their continued tendency to treat students as a class different from other unemployment compensation claimants. We emphasize that our prior case law, which recognized a rebuttable presumption that a full-time student is not available for work, has since been specifically disapproved by this Court. *Breen v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 17, 453 A.2d 1076 (1983).

able for part-time work during the compensable weeks at issue.

Despite these facts, the Board and referee nevertheless concluded that Claimant was not realistically attached to the labor market. We believe that this conclusion resulted from an improper presumption of ineligibility based on the facts that Claimant is a student and is only available for part-time work.[4] Neither of these facts, *in and of themselves,* however, can validly support a denial of benefits. *Wagner; Unemployment Compensation Board of Review v. Matthys,* 24 Pa. Commonwealth Ct. 474, 357 A.2d 230 (1976). We observe that the Board has yet to resolve the crucial inquiry, to wit, whether Claimant's admitted limitation on work availability would result in an unreasonably low possibility of her successfully obtaining work. Since that issue is generally one of fact for the Board to determine, *Wagner,* we are constrained to vacate the Board's finding of ineligibility under Section 401(d)(1) and remand for further findings. *See Shay Unemployment Compensation Case,* 177 Pa. Superior Ct. 294, 111 A.2d 174 (1955) (remand required where compensation authorities made no finding relative to claimant's reasonable opportunity for securing part-time work in local labor market).

The order of the Board will, accordingly, be reversed in part, vacated in part, and remanded for further proceedings.

## ORDER

The order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed in part, vacated in part, and remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

---

[4] *See* note 3 *supra.*