537 A.2d 388

Richard A. Scardina, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 24, 1987, to President Judge CRUMLISH, JR., and Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Ronald L. Russell*, for petitioner.

*Patricia Krise Bilzi*, Assistant Counsel, with her, *Clifford F. Blaze*, Deputy Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 18, 1988:

This is an appeal by Richard A. Scardina (Claimant) from a decision of the Unemployment Compensation Board of Review (Board) denying Claimant benefits pursuant to Section 401(d)(1) of the Unemployment Compensation Law (Law).[1]

Claimant filed for unemployment compensation benefits which were denied by the Office of Employment Security (OES). Claimant then appealed to the referee, who affirmed that decision. The Board also affirmed reasoning that since Claimant is a full-time student, and is only available for work during those hours which do not conflict with his class attendance, or weekend hours, he lacks an attachment to the labor force required by Section 401(d)(1) of the Law. Claimant subsequently brought this appeal. The issue before us is whether Claimant's limitation on his availability for work removes him from the local labor market. Claimant contends that it does not.

Claimant was last employed by Kesco, Inc., as a laborer. His last day of work was January 18, 1986 at which time he had a valid separation. The referee made specific findings that: (1) on February 18, 1986, Claimant began a course of study in electronics at the Gateway Technical Institute; (2) this course is twenty months in length and Claimant attends classes Monday through Thursday, 10:15 a.m. to 5:00 p.m.; (3) Claimant is unwilling to *quit* school entirely in order to gain employment, but he is willing to accept employment which will not conflict with his school hours. What the Claimant asserts is that he is also willing to accept employment at any time of the day and that the school can and will modify his school schedule to accommodate any

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937), 2897, *as amended*, 43 P.S. §801(d)(1).

work that is available. His class time, he asserts, is very flexible and he is able to adjust that time so as to meet either day time, evening or other shift work. The referee made no finding at all, one way or the other, with regard to these unrebutted assertions.

The burden of proving eligibility for benefits is on the claimant; thus Claimant has the burden of showing he is able and available for work. *Molnar v. Unemployment Compensation Board of Review*, 40 Pa. Commonwealth Ct. 518, 397 A.2d 869 (1979). Claimant, by registering with local unemployment authorities, created a prima facie case of work availability. *Penn Hills School District v. Unemployment Compensation Board of Review*, 496 Pa. 620, 437 A.2d 1213 (1981). This presumption of availability can be rebutted only by evidence of illness, refusal to work, disability or other factors indicative of Claimant not being realistically attached to the labor force. In the instant case, the only rebutting evidence which was credited by the Board was that Claimant is a full-time student, and that his work hours are reduced by the hours he spends in class and in study.

There is nothing in the law which specifically disqualifies a claimant simply because he is a full-time student. *Penn Hills; Breen v. Unemployment Compensation Board of Review*, 71 Pa. Commonwealth Ct. 17, 453 A.2d 1076 (1983). Moreover, a claimant who is ready, willing and able to engage in some substantial employment may be eligible for some benefits even though he limits his availability to part-time work. *Kuzma v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 189, 523 A.2d 830 (1987). If a claimant so suited is to be ruled ineligible because of his status as a student, it must be because the restriction would give a search for employment an unreasonably low possibility of success. *Goodwin v. Un-*

*employment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977).

Reviewing the evidence in this case, the Board, adopting the findings of the referee, correctly found that Claimant was seeking part-time work for his weekends, and those hours which would not conflict with his studies. But Claimant also asserted that he was ready, able and willing to change his class schedule from day to night, in order to obtain employment. Without making any findings in this respect, the Board, nevertheless, concluded that Claimant was not realistically attached to the labor market. We believe that this conclusion, without further additional findings, constituted legal error. The Board in this case did not consider whether or not Claimant's time limitation or his availability for work would unreasonably reduce the possibility of succeeding in a search for work. Therefore, we must remand the record to the Board for an adjudication that addresses that issue.

ORDER

The Order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby vacated, and this case is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.